[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Executrix of the estate of her father, Merl I. Bilton, has appealed from the decision of the probate court (Mooney, J.) granting an application to modify a previous order of the court and compelling the filing of a substitute administration account and an amended inventory. The testator died on February 14, 1985, leaving four daughters, one of whom is the Executrix. His Will was admitted to probate. The plaintiff was appointed executrix on March 5, 1985. At the time of his death, the greatest part of decedent's estate consisted of a 104 acre tract of 1 and, 87 acres of which was in Somers, Connecticut and 17 acres of which was in East Longmeadow, Massachusetts. The decedent had devoted approximately one-half the acreage to fruit orchards, including apples, peaches, pears, nectarines and plums. He also raised vegetables. He had operated a retail store on the farm which was open nine or ten months of the year. He employed about five persons most of the year, including his children. His son-in-law, Andrew Schneider, actually ran the farm as a salaried employee for several years prior to Bilton's death. During harvest season, additional hands would be hired to pick the fruit. There were buildings on the land including an old farm house, a barn, a shed and a cold storage structure, a portion of which was devoted to the farm store operation. There was also certain equipment utilized in connection with the operation of the farm including tractors, trucks, pruning devices, sprayers, cultivators and ladders.
The Will provides that 126 Prospect Street, East Longmeadow, Massachusetts be devised to his daughter, Carolyn, the Executrix. It further provided that the 104 acres, including the house and other structures, and the equipment be divided among all four daughters, as follows: 60% to Alberta Schneider, whose husband operated the farm, and 13 1/3% each to the other three. The rest, residue and remainder of the estate was divided equally among the four CT Page 3000 daughters.
At the time he died, there were no contracts of any kind concerning the farm operation, nor were there any agreements to sell or deliver produce. The farm equipment, described as being very old, was sold some time after December 22, 1987.
The plaintiff, Executrix, completed the final account on December 22, 1987 and same was received by the probate court on January 15, 1988. This account was approved by the probate court (Devlin, J.) on January 28, 1988. There was a hearing at the court on that date. The plaintiff was represented by counsel, as was the defendant, Muriel Stewart. Among the issues discussed at the hearing was the proposed distribution of the assets of the estate. On January 28, 1988, the probate court found that notice had been given to all interested parties, that all succession taxes due the State of Connecticut had been paid and it approved and ordered distribution by the Executrix in accordance with the schedule of proposed distribution in the final account. Thereafter, on February 10, 1988, the Probate Court issued the Certificate of Devise respecting the 104 acres and same was recorded on the land records of Somers on February 17, 1988.
On April 7, 1988, Muriel Stewart, petitioned the Probate Court to modify the order of January 28, 1988. She alleged that there were accounting errors and urged the Probate Court compel the Executrix to file a substitute administration account. Judge Devlin at the request of Stewart excused himself from further participation in the matter and referred it to Judge Mooney. On April 11, 1989, Judge Mooney granted Stewart's application over the objections of the Executrix. She thereby overruled Judge Devlin's acceptance of the final account.
The final account document itself, Defendant's Exhibit 2, on the front page states "this being the final account, the fiduciary represents there are no debts, outstanding against said estate except as herein stated and accordingly application is hereby made for an order of distribution." Defendant, Stewart, was represented by her own counsel at the hearing on this account. It is impossible for this Court to comprehend her claimed ignorance of the purpose of the hearing and/or the import of the accounting filed by the Executrix. The better evidence elicited in the course of the trial to this Court is that she participated in discussions concerning the proposed distribution of the estate as evidenced by the amendments made to "Proposed Distribution" on the fourth page of the accounting. Her claims respecting CT Page 3001 the continued operation of the farm and her lack of a receipt of copies of tax forms do nothing to alter this Court's finding that the accounting filed with the Probate Court on January 15, 1988 was a Final Account.
The essence of the plaintiff's claim is that Judge Mooney had no power to revoke or modify the decree of January 28, 1988 and that her decree of April 11, 1989 was a nullity. The plaintiff's argument is based upon statutory authority. Section 45-20 (b) of our statutes allows reconsideration and modification within 120 days of such decrees: (1) for any reason, if all parties agree; (2) if the notice requirements were not met; (3) to correct a scrivener's or clerical error or (4) upon discovery of the identity of interested parties previously unknown. None of those four situations existed. At the time the defendant requested a reconsideration of Judge Devlin's order, the time for appeal to the Superior Court had expired.[1]
Judge Devlin's decree of January 28, 1988 was rendered after proper notice. There is no statutory authority which permitted Judge Mooney to revoke or modify it. Hence it must stand.[2]
The plaintiff's appeal is granted.
SCHEINBLUM, J.